HIDALGO STEEL CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11194.   Promulgated September 16, 1927.

A liability to respond in damages for breach of contract occurring in 1920, which petitioner does not admit but upon which liability is denied even up to settlement of case in open court in 1923, is not a proper deduction for the taxable year in which the breach occurred.

*F. E. Reeves, C. P. A.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

This proceeding results from the determination by respondent of a deficiency in income and excess-profits taxes for the calendar year 1920, amounting to $1,307.45.

Petitioner avers error was committed with reference to but one issue—a reserve of $4,000 for a loss due to breach of contract should be allowed as a deduction from income in 1920, the year in which the breach occurred, and not in a later year when judgment was rendered.

Petitioner is a New York corporation with office in New York City. Petitioner filed an income-tax return for 1920, reporting net income of $5,551.97 after the deduction of a reserve of $4,000 for a loss due to a breach of contract in 1920. Respondent disallowed the deduction claimed.

Early in December, 1919, the representative of petitioner brought into the office of petitioner an oral order from the New York Oversea Co., Inc., for 2,000 boxes of tin plate. This order was confirmed by letter from vendee dated December 3, 1919, providing specifically for 2,000 boxes of Coke Tin Plate at $7.50 per 100 pounds, base, f. o. b. Pittsburgh, specifications to be forwarded before the end of the month, terms 1 per cent for cash. A credit in the amount of $15,000 was opened by the Guaranty Trust Co. of New York in favor of petitioner, upon instructions from the New York Oversea Co., Inc., and petitioner was notified thereof under date of January 9, 1920. It provided that drafts were to be accompanied by invoices and a full set of bills of lading. The letter of credit provided for expiration on February 28, 1920, unless sooner revoked. Petitioner carried no inventories and depended upon contracting for the purchase of the tin plate and steel it was regularly engaged in dealing in. It placed an order for the 2,000 boxes of tin plate with Philip P. Smith, Inc. A letter dated January 15, 1920, from New York Oversea Co., Inc., to petitioner, provided that " our specifications of December 29, 1919, * * * should read as follows: 2,000 cases—20x28: 56 sheets per case of 107 lbs. in weight, all prime, packed in wooden cases, iron strapped." On January 22, 1920, petitioner wrote the New York Oversea Co., Inc., certifying that the shipment of the 2,000 boxes of tin plate was held up owing to a steel and coal strike. Petitioner was never able to secure shipment of the tin plate by Philip P. Smith, Inc., but continued to make promises to the New York Oversea Co., Inc., that shipment would be made. The attorneys for the New York Oversea Co., Inc., made written demand on petitioner, under date of June 16, 1920, for shipment of its goods or for authorization to purchase the tin plate in the open market at a price of $11.25 per box, at which price they held an option expiring at 2 p. m., on June 16, 1920. This letter also invited suggestions. Petitioner did not authorize the New York Oversea Co. to make the purchase. Philip P. Smith, Inc., went into bankruptcy in October, 1920. Petitioner filed a claim and participated in a small way in the distribution by the trustee in bankruptcy. Petitioner endeavored to compromise the breach of contract

with the New York Oversea Co., Inc., but made no definite offer, although advised by its attorney it was liable for the breach of contract. It endeavored to secure the tin plate in New York but was unsuccessful. Early in 1921, when closing its books and making up its income-tax return for 1920, petitioner accrued an estimated liability of $4,000 for the loss through the breach of contract by setting up on its books a reserve for that amount. The New York Oversea Co., Inc., entered suit against petitioner in May, 1921, and in November, 1923, after the case was heard on the merits, the parties entered into a stipulation that the amount of damages was $5,500, and the plaintiff would accept in settlement payments of cash aggregating $4,500. A verdict was directed in accordance with the stipulation. The $4,500 agreed on was actually paid in cash.

### OPINION.

MILLIKEN: We have had occasion, previously, to consider the question relative to losses arising out of the breach of a contract, and it is well settled that if the liability was not admitted, or an offer in settlement was not made, or the estimated amount of the loss was not entered on the books for the taxable year, a deduction of the loss in the year when the breach occurred, was unallowable. *Appeal of Brighton Mills*, 1 B. T. A. 392; *Appeal of New Process Cork Co.*, 3 B. T. A. 1339; *Appeal of Bump Confectionery Co.*, 4 B. T. A. 50; *Appeal of Hamler Coal Co.*, 4 B. T. A. 947. Where admission of the liability was made, and the amount of an estimated loss accrued upon the books, however, a deduction was allowable in the year of the breach. *Appeal of Producers Fuel Co.*, 1 B. T. A. 202; *Raleigh Smokeless Fuel Co.* v. *Commissioner*, 6 B. T. A. 381. The issue in the instant case, therefore, rests upon the relation of the evidence adduced to the above principles discussed fully in the opinions cited. After a careful consideration of the record, we are satisfied that the petitioner was fully advised of the probability of loss and that a reserve amounting to $4,000 was actually entered upon the books at the end of the year 1920, but we are unable to find that petitioner ever admitted to the other party its liability or made any offer of a specific sum in discharge thereof. Indeed, it carried its denial of liability based upon pleading the statute of frauds, to the very close of the trial, which occurred in 1923. The record is replete with letters received by petitioner from the New York Oversea Co. throughout the year 1920, demanding performance under the contract or requesting authority to purchase tin plate in the open market, but there is no evidence of a reply from petitioner admitting the liability or making

any move in settlement thereof. We are, therefore, of opinion that the reserve is not deductible in 1920, and the respondent is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

PHILLIPS, dissenting: In my opinion, the petitioner incurred liability in 1920 to respond in damages for breach of its contract. While the amount was not determined until a future year, it seems clear that when paid, it was not an expense of doing business in the year of payment, but an expense of the business of the year when the breach occurred, and is properly to be considered before the income of that year can be determined. The fact that the amount was not liquidated or the liability admitted, seems unimportant. The principles to be applied do not seem to differ materially from those laid down by the Supreme Court in *United States* v. *Anderson*, 269 U. S. 422; 5 Am. Fed. Tax Rep. 5674. I dissent from the decision reached.